IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JACK WOLFORD, RICHARD FALETTI, RONALD ADAMIAK, VINCENT GEMINETTI, JASON COMEAU, J. PATRICK GODFREY, GREGORY JOHNS, WILLIAM JOHNS, BRIAN KAMINSKI, JOHN RESICK, KENNETH E. SHOEMAKER, WILLIAM R. SORG JR., ANTHONY L. TROZZO, MIKE TRUSLK, RON WAVREK, FREEMAN WOODY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLIY SITUATED; Plaintiffs, vs. ALLEGHENY TECHNOLOGIES INC., Defendant, | 2:19-CV-00251-MJH |

OPINION AND ORDER

Plaintiffs bring the within collective action against their employer, Defendant, Allegheny Technologies, Inc. ("ATI"), for two compensation claims under the Fair Labor Standards Act ("FLSA") for 1) the time spent walking from the locker room to their workstation after they have donned protective clothing and 2) the time spent at their work stations while awaiting relief employees. ATI moves for partial dismissal of the Amended Complaint for the first FLSA claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 22). The parties provided briefs (ECF Nos. 23, 26, and 27), and the matter is now ripe for decision.

For the following reasons, ATI's Partial Motion to Dismiss will be granted.

I.  **Background**

Plaintiffs are employees at ATI's continuous steel manufacturing operation in Brackenridge Pennsylvania. (ECF No. 16 at ¶¶ 20-21). At the beginning of their shifts, employees must report to their workstation and remain until relieved by a subsequent shift worker. *Id.* at ¶ 22. Prior to arriving at the workstation, employees must don special protective clothing and equipment prior to entering the manufacturing facilities to protect them from heat and toxic fumes. *Id.* at ¶¶ 23, 25-29. Said clothing and equipment may only be donned after the employees enter the facility. *Id.* at ¶ 23. Upon entrance, employees must swipe an identification card, which records their time of arrival. *Id.* at ¶ 40. After swiping their cards, employees don their protective clothing in a locker room and walk to their workstations. *Id.* at ¶ 41. Employees then must attend a daily "huddle meeting" on safety at the beginning of their shift. *Id.* at ¶ 52. At the completion of their shift, upon being relieved of their workstation, employees return to the locker room, remove their protective clothing, and sometimes shower to remove hazardous materials. *Id.* at ¶ 42. Employees then leave the facility after swiping their identification card, which records the time of their exit. *Id.* at ¶ 43.

Plaintiffs allege that ATI does not compensate for the following activities, which violates the FLSA:

    a. The time spent traveling from the locker room to their workstations within the manufacturing plant. *Id.* at ¶ 58.

    b. The time employees spend at their workstation while awaiting relief employees. *Id.* at ¶ 60

ATI seeks dismissal of the first claim only. In their response brief, Plaintiffs concede the Amended Complaint is not seeking an FLSA claim for donning and doffing protective clothes

2

because a Collective Bargaining Agreement (CBA) reclassifies such as noncompensable time. (ECF No. 26 at p. 2).

**II.     Standard of Review**

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it

3

must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

### III. Discussion

The sole issue in ATI's Partial Motion to Dismiss is whether the FLSA requires ATI to compensate Plaintiffs' post-donning walking time from the locker room to their workstation. ATI contends that under the CBA, donning protective clothing is not "work," and is not "integral and indispensable" to the principal activity of making steel, and does not start the workday under the "continuous workday" rule. Plaintiffs argue that even if the CBA reclassifies donning of protective clothing as noncompensable, it still remains a principal activity sufficient to trigger the "continuous workday" rule because donning of protective clothing is integral and indispensable to the duties of making steel.

The Fair Labor Standards Act, enacted in 1938, governs minimum wages and maximum hours for non-exempt "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a) (minimum wages); § 207(a)

(maximum hours); see § 213 (exemptions). Under the FLSA, employers must pay their employees overtime wages at "a rate not less than one and one-half times the regular rate at which [they are] employed" for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1); see *Turner v. City of Philadelphia*, 262 F.3d 222, 224 (3d Cir.2001).

In 1947, Congress amended the FLSA through the Portal–to–Portal Act (29 U.S.C. §§ 251–262) in order to address claims by workers for compensation for activities outside of the jobs they were hired to perform. *See Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 225 (2014); *Adair v. ConAgra Foods, Inc.*, 728 F.3d 849, 851 (8th Cir. 2013). Section 4 of that Act excludes time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which [an] employee is employed to perform," and time spent performing "activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a). A "principal activity" is "an integral and indispensable part of the principal activities for which covered workmen are employed." *Steiner v. Mitchell*, 350 U.S. 247 (1956); see also 29 C.F.R. § 790.8(a) ("The 'principal' activities referred to in the statute are activities which the employee is 'employed to perform'; they do not include noncompensable 'walking, riding, or traveling' of the type referred to in section 4 of the Act.") (footnotes omitted). As a general matter, a "continuous workday" is described as beginning with the first "principal activity" of his employment, and ends with the last such activity. 29 C.F.R. § 790.6(b). For time spent performing a nonprincipal activity to count toward an employee's workweek, then, that activity must be performed between the first and last principal activities of the day. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005)

In 1949, the FLSA was amended again with the addition of § 3(o) to permit labor agreements to reclassify otherwise compensable time as noncompensable time. *See Sandifer*, 571

U.S. at 226. Section 3(o) provides that in determining the hours for which an employee is employed, "there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to a particular employee." 29 U.S.C. § 203(o).

Generally, "[i]f an employer requires his employees to don and doff work clothes at the workplace, then donning and doffing are an integral and indispensable part of the workers' main activity and therefore a principal activity." *Sandifer v. U.S. Steel Corp.*, 678 F.3d 590, 596 (7th Cir. 2012) (citing *Steiner*, 350 U.S. at 256, 76 S.Ct. 330). The question then arises regarding the interplay of § 254(a) and § 203(o) where the compensable activity is reclassified through a CBA as noncompensable and thereafter a nonprincipal activity of travel intervenes between the reclassified noncompensable activity and the principal activity at an employees' workstation. In resolving this, courts have held that, where the changing of clothes has been reclassified as a nonprincipal activity by a CBA under § 203(o), compensation cannot begin until the next principal activity and therefore any travel time beforehand is excluded under § 254(a). See *Adair*, 728 F.3d at 852; see *Sandifer*, 678 F.3d at 596 (7th Cir. 2012); *Mitchell v. JCG Indus.*, 929 F. Supp. 2d 827, 836 (N.D. Ill. 2013), aff'd sub nom. *Mitchell v. JCG Indus.*, Inc., 745 F.3d 837 (7th Cir. 2014); and *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1248–49 (10th Cir. 2016), as amended on denial of reh'g and reh'g en banc (May 3, 2016). The Third Circuit and Pennsylvania District Courts have not directly addressed the instant situation, where employees have sought compensation for travel time when a CBA has reclassified donning and doffing as noncompensable time.

In *Sandifer*, plaintiffs sought compensation for the travel time after clothes-changing had been rendered noncompensable by a CBA. Judge Posner of the Seventh Circuit provided an apt rationale for denying compensation for travel time that is worth excerpting here:

> Section 203(o) permits the parties to a collective bargaining agreement to reclassify changing time as nonworking time, and they did so, agreeing that the workday would not start when the workers changed their clothes; it would start when they arrived at their work site. If clothes-changing time is lawfully not compensated, we can't see how it could be thought a principal employment activity, and so section 254(a) exempts the travel time in this case.

*Sandifer*, 678 F.3d at 596–97.

Likewise, in *Adair*, the Eighth Circuit Court of Appeals concluded that the time employees spent donning and doffing their uniforms was excluded by § 203(o) from the hours they were employed. *Adair*, 728 F.3d at 852. Based on this conclusion, the court of appeals held that:

> donning and doffing is not an activity that the laborers are employed to perform, and it is therefore not a principal activity that begins and ends the workday. It follows that time spent walking between the clothes-changing stations and the time clock is not part of the workday and workweek for which the employer is liable to pay overtime compensation under the Act.

*Id.* at 853; see *Sandifer*, 678 F.3d at 596–97. Further, in *Mitchell*, the district court addressed whether the time plaintiff employees spent walking to their work stations after donning their personal protective equipment was part of the workday and workweek for which defendant was liable to pay overtime compensation under the FLSA. 929 F. Supp. 2d at 836. The *Mitchell* court held that where a CBA excludes donning and doffing from compensability pursuant to Section 203(o), donning and doffing cannot be a principal activity that supports a walking time claim. *Id.* Also, in *Castaneda*, the Tenth Circuit determined that a CBA excluded walk times from the locker rooms to the production floors at the beginning of the shift. 819 F.3d 1228-49. The *Castaneda* decision reasoned that "the purpose of § 203(o) is to leave compensability of

7

certain activities to collective bargaining, it follows that if collective bargaining results in providing some compensation for unmeasured work time, such compensation does not convert any additional otherwise-noncompensable activities into work time." *Id.*

Here, Plaintiffs assert that the reclassification of a principal activity by the CBA has no impact on the analysis of when their day begins because donning personal protective equipment begins the workday and thus all subsequent activities under the "continuous workday rule." ATI contends that, because the CBA reclassified donning as a noncompensable activity under § 203(o), the work day cannot begin until the next principal activity, namely the time after arrival at the workstation. Presently, because the CBA contains § 203(o) language to exclude donning and doffing from work day activity, Plaintiffs' work day does not begin until their first principal activity at their workstation. Post-donning travel time is not compensable, as per Section 4 of the Portal-to-Portal Act (29 U.S.C. § 254). The Court is therefore persuaded by the rationale and decisions from *Sandifer*, *Adair*, *Mitchell*, and *Castaneda*, which all addressed the issue in this case. Under the FLSA and supporting cases, Plaintiffs may not recover for their travel time between the locker room and their workstation. By operation of the CBA and 29 U.S.C. § 254, Plaintiffs' continuous workday does not begin until after the Plaintiffs' travel to their first principal activity at their respective workstation. Accordingly, ATI's Partial Motion to Dismiss will be granted. Because the parties have not disputed the operative pleaded facts, no additional amendment will change the outcome; therefore, any amendment is deemed futile.

ORDER

And NOW, this 21st day of November, 2019, after consideration of Plaintiffs' Amended Complaint, ATI's Partial Motion to Dismiss, and the parties respective briefs (ECF Nos. 23, 26, and 27), ATI's Partial Motion to Dismiss is granted. Plaintiffs' FLSA claim, for time spent

walking from the locker room to their respective workstation after donning protective clothing, is dismissed. Any amendment to said claim is deemed futile. ATI shall file its Answer on or before December 5, 2019.

BY THE COURT:

/s/ Marilyn J. Horan
MARILYN J. HORAN
United States District Judge